UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAHREEN HUSAIN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GOLD COAST EXOTIC IMPORTS, LLC, ) <br> JOSEPH J. PERILLO, MIR IMAD KHAN, ) <br> SALEEM BEG, PATRICIA MENDEZ, and ) <br> JOSEPH ABBAS and JOHN DOES 1-5, ) <br> ) <br> Defendants. ) | No. 22 cv 3564 <br> Honorable John J. Tharp, Jr. |

### DEFENDANTS GOLD COAST EXOTIC IMPORTS, LLC'S
### REPLY IN SUPPORT OF MOTION TO DISMISS AND FOR COSTS AND FEES
### PURSUANT TO RULE 11 AND THE COURT'S INHERENT POWER[1]

Defendant Gold Coast Exotic Imports, LLC ("Gold Coast"), by and through its undersigned attorneys, for its reply in support of sanctions in the form of Dismissal and for Costs and Fees against Plaintiff and her current and/or former attorneys[2] pursuant to Federal Rule of Civil Procedure 11 and the Court's inherent power states.

### INTRODUCTION

Plaintiffs fail to acknowledge the wholesale lack of support for their refiling in this jurisdiction, instead speciously arguing that Gold Coast's sanction motions are brought for an "improper purpose" to "strong-arm" Plaintiffs. The motions are nothing of the sort. The issue

---

[1] Husain and her fiancé, Reazuddin, the plaintiff in the related Case No. 2022-cv-3643, are represented by the same counsel and filed identical responses to the Rule 11 motions, making arguments on behalf of the "Plaintiffs," jointly. Accordingly, Gold Coast is filing identical replies.

[2] Plaintiff's prior counsel, Eydie Vanderbosch, who filed this lawsuit, previously withdrew. Such does not preclude potential sanctions against her. *See, e.g., Cross & Cross Props., Ltd. v. Everett Allied Co.,* 886 F.2d 497, 505 (2d Cir. 1989) (a "late effort to withdraw [does] not resolve the problem if counsel failed to make a reasonable inquiry *before* the counterclaim was filed") (emphasis in original) (citations omitted); *Gold v. The Last Experience,* 1999 U.S. Dist. LEXIS 3266, 1999 WL 156005, at *4 (S.D.N.Y. Mar. 22, 1999) ("withdrawal does not absolve [an attorney] of liability for Rule 11 sanctions").

1

before this Court is strictly a procedural one. Gold Coast's motions address the Plaintiffs' transparent efforts to avoid arbitration by ignoring the mandate of the Illinois state courts and instead forum shopping by virtue of filing coordinated, new lawsuits in this federal court, seeking to relitigate the issue. Fed. R. Civ. Proc. 11 is designed to address this very circumstance -- a litigant maintaining a legal contention (here, the purported right to refile in federal court to seek judicial review of state court orders) that is not warranted by existing law and brought for an improper purpose. Further, 28 U.S.C § 1927 provides sanctions for needlessly driving up the cost of litigation.

Plaintiffs argue "substantial research was undertaken" and they "made a reasonable inquiry into the facts prior to filing suit." [Response, p. 10]. However, Plaintiffs and their counsel get the law completely wrong, and fail to explain what reasonable inquiry was ever made, other than telegraphing in advance an intent to forum shop. [Motions, Ex. 3][3] Plaintiffs do not offer a *single case* that permits federal review of state court orders compelling arbitration. Rather, Plaintiffs' procedural and substantive arguments have no merit whatsoever and only further increase the frivolity of their ploy. For these reasons, sanctions are warranted.

## ARGUMENT

**I.     Plaintiffs' Procedural Arguments Have No Merit.**

Plaintiffs initially raise purported procedural defenses to sanctions, speciously arguing that Gold Coast failed to make a separate motion for sanctions as required by Rule 11. Plaintiffs provide no explanation, nor support, for the bald assertion, other than noting that Gold Coast incorporated by reference legal arguments contained in a "separately submitted" motion to dismiss. [Response, pp. 3-4]. Setting aside Plaintiffs therein concede Gold Coast's "separate"

---

[3]     Indeed, Plaintiffs' former counsel, Eydie Vanderbosch, in correspondence to the undersigned dated October 3, 2022, referred to the re-filings in Federal Court as the undersigned counsel being "outlawyered."

2

filings, they provide no authority that a party may not incorporate by reference portions of other pleadings. *See, e.g.,* FRCP 10(c) ("ADOPTION BY REFERENCE; EXHIBITS. A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion.")

Plaintiffs next argue that the motion does not "describe the specific conduct that allegedly violated Rule 11(b)." [Response, p. 4]. Yet, Plaintiffs accurately summarize the issue -- failing to follow state court orders mandating arbitration, and filing / forum shopping in this court hoping for a different outcome. [*Id.*] Indeed, though contending that Gold Coast failed to identify what "claims, defenses and legal contentions are frivolous" [Response, p. 10], Plaintiffs spent a combined 37 pages in separate briefs and a dozen pages in response to the Rule 11 motions unable to provide any legal justification for refiling in this forum.

Tellingly, in the sole case Plaintiffs cite for their claimed lack of notice, *Roadway Express v. Piper*, 447 U.S. 752, 767 (1980) [Response, p. 4], the court issued sanctions for, like here, vexatiously multiplying court proceedings.[4] Simply, he Rule 11 motions have been properly raised and presented to this Court.

## II. Plaintiffs' Substantive Defenses Are Equally Without Merit

Plaintiffs next argue that "substantial research was undertaken" before they filed these federal court actions. [Response, p. 10]. However, the problem is their research (or that of their counsel) is all wrong. Gold Coast incorporates by reference the arguments set forth in its replies in support of its motions to dismiss, establishing express rejection of the gamesmanship attempted here, including various courts finding that district courts cannot review state court decisions as to whether a matter is subject to binding arbitration. *See, e.g., Pieper v. Am.*

---

[4] In that case Section 1927 did not permit the recovery of fees under the then current version of that statute.

*Arbitration Ass'n*, 336 F.3d 458, 461-464 (6th Cir. 2002) (*Rooker-Feldman* prevented review of the state court arbitration decision); *Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 318-319 (4th Cir. 2003) (party seeking review of state court decision relating to arbitration "cannot file a federal action [] intended to be nothing more than an appeal of an unfavorable decision by the state court"); and *Parker v. Law Firm v. Travelers Indem. Co.*, 965 F.3d 579, 584 (8th Cir. 2020) ("While the more common application of *Rooker-Feldman* involves a state court adjudication on the merits, the logic underlying the rule applies equally to a state court order directing arbitration.")

Critically, Plaintiffs fail to offer a *single case* even remotely suggesting they had a right to merely ignore the state courts directive and start over in federal court, hoping for a different result. Rather, courts have repeatedly awarded Rule 11 sanctions in analogous situations. *See, e.g., Jordan v. Hall*, 275 F.Supp.2d 778 (N.D. Tex. 2003) (Rule 11 sanctions where complaint was nothing more than veiled attempt to circumvent state appellate process and to collaterally attack validity of state court orders, which was review was precluded under *Rooker-Feldman*); *Fransen v. Terps Ltd. Liab. Co.*, 153 F.R.D. 655 (D. Colo. 1994) (sanctions imposed where plaintiff filed action in federal court after court in identical state action had granted motion to compel arbitration); *Woodhull v. Mascarella*, 699 Fed. Appx. 872 (11th Cir. 2017) (sanctions imposed on litigant because she persisted in filing complaint while knowing that district court lacked jurisdiction to entertain it under *Rooker-Feldman* doctrine); *Maciosek v. Blue Cross & Blue Shield United*, 930 F.2d 536 (7th Cir. 1991) (Rule 11 sanctions where plaintiffs' attorney filed complaint that failed to distinguish or even acknowledge precedents contrary to claims, and after removal to federal court, filed brief in opposition to motion to dismiss that also failed to acknowledge precedent); *Smith v. Blue Cross & Blue Shield United*, 959 F.2d 655 (7th Cir. 1992) (sanctions proper where case was contrary to settled precedent and had no chance of

success and defense counsel alerted plaintiff's counsel to frivolity of claim); *Serritella v. Markum*, 119 F.3d 506 (7th Cir. 1997) (sanctions imposed where attorney plead matters that were previously decided against him); *Crockett v. Whisenhunt*, 127 F.3d 678 (8th Cir. 1997) (plaintiff's attempt to relitigate fraud claim by filing second suit was not warranted by existing law and violated Rule 11); *ASAP Copy & Print v. Brown*, 646 Fed. Appx. 495 (9th Cir. 2016) (sanctions imposed after plaintiff named company as defendant in frivolous federal lawsuit that was thinly veiled collateral attack on previous state court judgments); *Elsman v. Std. Fed. Bank*, 238 F.Supp.2d 903 (E.D. Mich. 2003) (sanction where attorney filed frivolous federal complaint that simply sought, without citing any legal or factual support, to relitigate issues decided by state court); and *Pipe Trades Council, U.A. Local 159 v. Underground Contrs. Ass'n*, 835 F.2d 1275 (9th Cir. 1987) (sanctions proper after plaintiffs brought second motion to compel arbitration that was transparent attempt to relitigate the issue raised by the first motion that was on appeal). Sanctions are similarly warranted here.

## CONCLUSION

Plaintiffs' transparent efforts to avoid arbitration by ignoring the mandate of the Illinois state courts and instead forum shopping by virtue of filing a new lawsuit in this federal court, seeking to relitigate the issue, must not be countenanced. Substantial fees have been spent simply because the Plaintiffs will not adhere to their contractual obligations to arbitrate arising out of the transaction and as mandated by orders of the Illinois courts. Dismissal and fees are appropriate sanctions.

                                                Gold Coast Exotic Imports, LLC d/b/a
                                                Perillo BMW, Defendant,

                                                By:    /s Alexander D. Marks
                                                         One of its attorneys

Ira M. Levin (ilevin@burkelaw.com)
Alexander D. Marks (amarks@burkelaw.com)
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Ave., 21st Floor
Chicago, IL 60611
312-840-7000 (Telephone)
312-840-7900 (Facsimile)
4860-8183-2008

CERTIFICATE OF SERVICE

The undersigned, an attorney, states that on the 18th day of January, 2023, he caused the foregoing Reply in Support of Rule 11 Motion to Dismiss to be filed electronically with the Clerk of the Northern District of Illinois, Eastern Division, and to be served by the electronic filing service on all counsel of record.

                                                              /s Alexander D. Marks